# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 4, 2024

Via ECF

The Honorable J. Paul Oetken,
   Thurgood Marshall United States Courthouse,
      40 Foley Square,
         New York, New York 10007.

         Re:    <u>*Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:23-cv-11060-JPO</u>

Dear Judge Oetken:

      I represent Defendant TD Bank, N.A. ("TD Bank") in the above-referenced action. Having conferred with Plaintiffs, I write on behalf of all parties in response to the Court's December 21, 2023 Order directing the parties to file a joint letter addressing (1) the nature of the claims in this action, (2) a summary of prior proceedings, (3) how this action relates to the action numbered 1:23-cv-04880 in this Court, and (4) if it is duplicative of that case, whether the parties agree that the above-referenced action can be closed. *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:23-cv-11060-JPO (S.D.N.Y.), ECF No. 610. In short, the above-captioned transferred action is entirely duplicative of the action already proceeding before Your Honor at case no. 1:23-cv-04880 (S.D.N.Y.). Accordingly, the parties respectfully request that this action be closed.

      Both this action and action no. 1:23-cv-4880 (S.D.N.Y.) originate from the same action that was commenced in the Northern District of Illinois on November 28, 2018. In that action, Plaintiffs brought a variety of contract, securities, tort and fraud claims against various defendants, seeking to recoup money that they lost in connection with their investment in an EB-5 immigration construction project. *See Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), ECF No. 69 (the "First Amended Complaint"). Among the defendants Plaintiffs named in that action was TD Bank, which maintained an escrow account that held and ultimately released Plaintiffs' funds for use in the project. Plaintiffs alleged that TD Bank breached the Escrow Agreement by wrongfully releasing funds prior to satisfaction of the condition precedent necessary for such release. *Id.*, ECF No. 69 ¶ 104. Plaintiffs further alleged that the other named defendants, "with scienter and full knowledge of falsity," informed TD Bank that the condition precedent for the funds' release "had been satisfied." *Id.* at ¶ 91.

The Honorable J. Paul Oetken                                                                                                          -2-

On April 16, 2019, TD Bank moved to dismiss Plaintiffs' claims against it for lack of personal jurisdiction and failure to state a claim. *Id.*, ECF Nos. 85, 86. On May 14, 2019, TD Bank and Plaintiffs entered into a stipulation to transfer the claims against TD Bank to the Southern District of New York. *Id.*, ECF No. 109. On June 6, 2019, the Northern District of Illinois entered an order stating that "TD Bank's motion to dismiss the first amended class complaint . . . is granted," without accompanying reasons. *Id.*, ECF No. 117. Plaintiffs thereafter treated TD Bank as a non-party in the Northern District of Illinois action, including by issuing third-party subpoenas to TD Bank. On February 4, 2021, Plaintiffs entered into a court-approved settlement with all defendants that were in the Northern District of Illinois at that time, *id.*, ECF No. 304, but those defendants have yet to pay the majority of the settlement consideration. Those defendants' failure to make that payment led to citation proceedings in the Northern District of Illinois, which remain ongoing.

On December 9, 2022, Plaintiffs moved to set aside the parties' stipulation to pursue claims against TD Bank in the Northern District of Illinois. *Id.*, ECF No. 462. On May 25, 2023, the Northern District of Illinois denied the motion to set aside the stipulation, and directed the Clerk's Office to sever Plaintiffs' claims against Defendant TD Bank, assign the severed action a new number, *Dou et al.* v. *TD Bank N.A.*, No. 1:23-CV-03619 (N.D. Ill.), and transfer the severed action to the U.S. District Court for the Southern District of New York. *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), ECF No. 535.

The severed action was transferred to the Southern District of New York on June 8, 2023. *Dou et al.* v. *TD Bank N.A.*, No. 1:23-CV-03619 (N.D. Ill.), ECF No. 3. On June 11, 2023, the action was assigned to Your Honor as case no. 1:23-CV-04880 (S.D.N.Y.). *Dou et al.* v. *TD Bank N.A.*, 1:23-CV-04880 (S.D.N.Y.), ECF No. 4. Presumably because the Northern District of Illinois' May 25, 2023 Order directed that a new severed action first be opened in the Northern District of Illinois and then transferred to the Southern District of New York, the prior docket entries from action no. 1:18-CV-07865 (N.D. Ill.) were not copied onto the docket for action no. 1:23-cv-04880 (S.D.N.Y.).

Ever since case no. 1:23-cv-04880 (S.D.N.Y.) was opened in June 2023, the parties have proceeded under the presumption that it is the sole action in which Plaintiffs are pursuing their severed claims against TD Bank. On August 28, 2023, the parties appeared before this Court for an initial pretrial conference in that action, and, later the same day, the Court endorsed a civil case management plan and scheduling order that had been jointly submitted by the parties, which sets deadlines (through the start of trial) for that action. Furthermore, after seeking and obtaining this Court's leave, on September 7, 2023, Plaintiffs amended the First Amended Complaint that they had filed in the original Northern District of Illinois case, by filing the Second Amended Complaint in case no.

The Honorable J. Paul Oetken                                                                                                -3-

1:23-cv-04880.  The Second Amended Complaint asserts contract, quasi-contract and tort claims against sole Defendant TD Bank.  *Dou et al.* v. *TD Bank N.A.*, 1:23-CV-04880 (S.D.N.Y.), ECF No. 23.  On October 20, 2023, TD Bank filed a motion to dismiss that complaint (*id.*, ECF No. 35), which has now been fully briefed.  Finally, the parties are engaged in discovery in that action.

        Separately, proceedings in the original Northern District of Illinois action, *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), have continued against the non-TD Bank defendants in that action.  Even though TD Bank has not been a party to that action for years, and Plaintiffs' severed claims against TD Bank have been proceeding in the Southern District of New York, on November 8, 2023, Plaintiffs made a motion in the Northern District of Illinois action to vacate the June 2019 Order that "granted" TD Bank's motion to dismiss from four years ago.  *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), ECF Nos. 117, 606.  On November 16, 2023, the Northern District of Illinois Court granted that motion by entering a minute order stating that the "order reflecting that TD Bank's Motion to Dismiss had been granted [117] is erroneous, and not intentional," and revising that order to state: "TD Bank's motion to dismiss the first amended class complaint [85] is terminated as moot in light of the parties' stipulation [109] to transfer Plaintiffs' claims against TD Bank to the Southern District of New York.  No further changes to the order are needed in light of . . . [the] order directing the Clerk to sever and transfer the claims."  *Id.*, ECF No. 607.

        Although the Northern District of Illinois Court acknowledged that the case already had been transferred, and did not order the action to be transferred again, the next docket entry in the original action in the Northern District of Illinois, *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), is a notice of transfer from the Northern District of Illinois to the Southern District of New York, stating:  "Pursuant to the order entered by Honorable LaShonda A. Hunt, on 11/16/2023, the above record was electronically transmitted to USDC Southern District of New York."  *Id.*, ECF No. 608.

        On December 21, 2023, the original action from the Northern District of Illinois, *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:18-CV-07865 (N.D. Ill.), was transferred and a new action—this action—was opened in the Southern District of New York under action no. 1:23-cv-11060 (S.D.N.Y.), and assigned to Your Honor.  In this newly-transferred action, the full docket from the original Northern District of Illinois action no. 1:18-CV-07865 (N.D. Ill.)—indeed, every single entry in that action from the filing of the original complaint through the notice of transfer—was copied onto the docket for this action.  As an unintended result of that transfer, the docket for this action incorrectly suggests that the First Amended Complaint that Plaintiffs years ago filed in the Northern District of Illinois is the operative complaint in this action, notwithstanding that Plaintiffs'

The Honorable J. Paul Oetken                                                                                                          -4-

complaint against TD Bank was superseded months ago by the Second Amended Complaint that Plaintiffs filed against TD Bank in action no. 1:23-cv-4880 (S.D.N.Y.).

At bottom, the parties agree that this action, *Yao* v. *Carillon Tower/Chicago LP et al.*, No. 1:23-cv-11060 (S.D.N.Y.), is duplicative of action no. 1:23-cv-4880 (S.D.N.Y.), and should be closed. The parties respectfully defer to the Court regarding whether the docket entries from the original Northern District of Illinois action no. 1:18-CV-07865 (N.D. Ill.) should be copied over to the docket for action no. 1:23-cv-4880 (S.D.N.Y.).

> The Court agrees that this case (23-cv-11060) is duplicative of Case Number 23-cv-4880 and that the latter case is the operative case. This case appears to have been transferred to this Court erroneously.
> The Clerk of Court is directed to close this case.
> So ordered.
> 1/4/2024

Respectfully submitted,

/s/ *Matthew J. Porpora*

Matthew J. Porpora

_____
J. PAUL OETKEN
United States District Judge